UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EVA MARTINEZ, *on behalf of herself and on behalf of all others similarly situated*,

      Plaintiff,

– against –

ONE JEANSWEAR GROUP INC. *and* ONE JEANSWEAR GROUP LLC,

      Defendants.

**OPINION & ORDER**

24-cv-7512 (ER)

RAMOS, D.J.:

  Eva Martinez brought this action against defendants One Jeanswear Group Inc. and One Jeanswear Group LLC ("Defendants") on October 3, 2024. Doc. 1. She alleged violations of the Fair Labor Standards Act ("FLSA"), various provisions of the New York Labor Law ("NYLL"), and the New York City Rules and Regulations ("NYCRR"). *Id.* ¶¶ 54–71. Martinez claimed that Defendants failed to pay her the lawful minimum wage and overtime compensation, spread of hours compensation, and failed to provide lawful wage and hour notice. *Id.* ¶¶ 8, 9. Before the Court is the parties' motion for the approval of their settlement agreement. Doc. 23. For the following reasons, the motion for settlement approval is GRANTED.

I.  **LEGAL STANDARD**

  In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015)

(citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:  (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."  *Id.*  (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), cited with approval in *Cheeks*, 796 F.3d at 205–06.

## II.   DISCUSSION

### A.  Range of Recovery

The proposed settlement agreement provides a total recovery of $37,500.  Doc. 23 at 2.  Pursuant to the agreement, Martinez' counsel will receive approximately one third of the total settlement amount, namely, $12,500, for attorneys' fees.  Doc. 23-1 at 2.  They will also receive $535 for costs.  *Id.*  After attorneys' fees and costs, Martinez will receive $24,465.  *Id.*

Martinez estimates that her maximum recovery would be approximately $42,706.92.  *Id.* at 2.  Thus, the settlement does not constitute full payment of all of Martinez's claims.  Rather, the $24,465 Martinez will collect (her settlement award net of attorneys' fees and costs) represents approximately 58% of her total possible recovery.  In the instant case, the proposed amount is fair and reasonable.  *See Khan v. Young Adult*

*Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery).  There is value to Martinez receiving a settlement without experiencing the risks and delays inherent in litigation.  A central dispute was Defendants' denial of any wrongdoing.  Doc. 23 at 2.  According to Defendants, Martinez was subject to an administrative exemption which would disprove her overtime claims.  *Id.*  They also argued that should Martinez prove herself non-exempt, any damages would be nominal, amounting to under $3,000.00.  *Id.*  Additionally, according to Martinez, "continuing to deleveop the record may only [have] served to enlarge costs and risks on both sides."  *Id.*  "Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'"  *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (citation omitted).  Considering the aforementioned uncertainties and the risks of litigation, the settlement resolves bona fide disputes and reflects a reasonable compromise that fairly compensates Martinez.  *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues") (citation omitted).  Finally, this settlement resulted from arm's length negotiations wherein the parties were represented by experienced labor and employment attorneys.  Doc. 23 at 2, 5, 6.  Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorneys' Fees & Costs

The Court further concludes that the proposed attorneys' fees and costs are reasonable.  Martinez's counsel will receive $12,500.00 in attorneys' fees, which is approximately one third of the settlement.  Doc. 23-1 at 2.  This is a reasonable percentage, as "courts in this District routinely award one third of a settlement fund as a

reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Trust Company*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Martinez's counsel has submitted billing records for an attorney and a paralegel from the law firm of Monteiro & Fishman LLP: Marcus Monteiro, attorney and co-founder, who bills at a rate of $450 per hour, and Nathalia Castillo, paralegal, who bills at a rate of $150 per hour. Doc. 23.

As to Monteiro, the Court finds that the hourly rate of $450 is reasonable. *See, e.g., Bin Gao v. Jian Song Shi*, No. 18-cv-2708 (ARR), 2021 WL 1949275, at *17 (E.D.N.Y. Apr. 30, 2021) (noting that several 2021 decisions pursuant to *Cheeks v. Freeport Pancake House, Inc.*, approved hourly rates of $300 to $450 for partners); *Rodriguez v. 3551 Realty Company*, No. 17-cv-6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although an hourly rate of $450 for partners is "somewhat higher than the presumptively reasonable rates in this District [in 2017], [it is] not beyond the pale"). Monteiro's hourly rate is commensurate with other similarly-experienced partners in the field.

Additionally, the Court concludes that the rate of $150 per hour for paralegal services is reasonable. "Hourly rates for paralegals of $100 to $150 per hour are typical for awards in this [d]istrict." *Diaz-Caballero v. Midtown Catch Corp.*, No. 18-cv-4672 (AT), 2020 WL 8880944, at *2 (S.D.N.Y. Apr. 15, 2020) (alteration in original) (citation omitted).

Martinez's counsel seeks a total of $12,935.00 in attorneys' fees and costs, $12,500.00 of which represent attorneys' fees. *Id.* at 8. The lodestar of $24,750,

4

compared to the requested $12,500 of the settlement (net of costs), results in a lodestar multiplier (net of costs) of approximately .48. *See id.* Courts in this District have made clear that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Limited.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of .48 and determines that the $12,935.00 in attorneys' fees and costs is reasonable under the circumstances.

### C. Other Provisions

The Court finds all other provisions of the settlement agreement to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions. *See* Doc. 66-1; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). With respect to Martinez's obligations under the agreement, the release appropriately discharges only claims pursuant to Martinez's wage-and-hour allegations, including his claims under the FLSA and the NYLL. Doc. 23-1 at 3, 4; *see Solera Capital LLC*, 2021 WL 568806, at *1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues"); *Nights of Cabiria, LLC*, 96 F. Supp. 3d at 181 (finding that courts typically reject broad releases that "waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). Additionally, while the agreement contains a non-dispareagement provision, it also includes a permissable carve-out for truthful statements about Martinez's expereiene litigating the case. Doc. 23-1 at 6; *see also Lopez*, 96 F. Supp. 3d at 177-78 ("Although not all non-disparagement clauses are *per se* objectionable, if the provision "would bar plaintiffs from making 'any negative statement' about the defendants, it must include a carve-out for truthful statements about plaintiffs' experience litigating their case."). The agreement contains no confidentiality provision. *See generally* Doc. 23-1.

5

For all the reasons stated herein, the Court approves the parties' settlement agreement.

## III.   CONCLUSION

The Court concludes that the proposed settlement agreement is fair and reasonable and approves the agreement. The Clerk of Court is respectfully directed to terminate the motion, Doc. 23, and close the case.

It is SO ORDERED.

Dated:   April 15, 2025
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

6